369 A.2d 762
COMMONWEALTH of Pennsylvania
v.
Daniel ANDREWS, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided Feb. 18, 1977.

548

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Bert M. Goodman, Assistant District Attorney, Lansdale, and William T. Nicholas, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County by the defendant-appellant, Daniel Andrews, after conviction of attempted aggravated assault on a police officer, resist-

ing arrest and disorderly conduct; and from the dismissal of oral post-trial motions. He was sentenced to 2½ to 5 years with credit for time served.

The appellant does not raise the question of the sufficiency of the evidence or complain of the sentence imposed, but contends that (1) the court below erred in not granting a continuance, (2) it was error to proceed in the trial of the case as the defendant was absent during some portions of the trial, and (3) the defendant should have been permitted to make oral pre-trial motions. We find that none of these contentions is meritorious.

■■ The grant of a continuance in a trial is within the discretion of the court. Pa.R.Crim.P. 301(a) provides that the "court may, in the interests of justice, grant a continuance, of its own motion, or on the application of either party . . ." The denial of a continuance by the trial judge constitutes reversible error only if there has been an abuse of discretion. *Commonwealth v. Smith*, 442 Pa. 265, 275 A.2d 98 (1971). "It would take an extreme case to make the action of the trial court in such a case [refusal of the grant of a continuance] a denial of due process of law." *Franklin v. South Carolina*, 218 U.S. 161, 168, 30 S.Ct. 640, 643, 54 L.Ed. 980 (1910).

■ In the instant case, the appellant refused to be represented by the public defender assigned to him. A number of continuances were granted so that he could obtain private counsel. When the case was finally called for trial, the appellant was still without private counsel and refused to be represented by the public defender who was ready to proceed in the case. A new public defender was assigned to the defendant, and he requested a continuance so that the defendant might be given the opportunity to locate and subpoena two witnesses. However, the defendant was unable to provide his counsel with the addresses of the witnesses and the only names provided

were "Juney" and "Henry Willis." The court below refused to grant a further continuance, and the witnesses were not produced. The court was more than justified in taking the action that it did. The alleged offense occurred on January 23, 1975, and the case was not called for trial because of the continuances requested by the defendant until February 3, 1976. The defendant had more than a year to obtain the names and addresses of the witnesses that he wanted to call on his behalf, but failed to do so. He cannot complain if further opportunity to obtain witnesses is not given to him.

The appellant next contended that the court below erred in proceeding with trial during the appellant's absence. A jury was impanelled and sworn in the defendant's presence, and trial was recessed until the following morning. Appellant did not appear in court the following morning at the designated time. The trial was recessed until the afternoon and the defendant again failed to appear. The trial was delayed until his arrival and following the Commonwealth's closing argument, trial was recessed until the following day. When the trial began the following morning, the appellant was again not present although he arrived shortly after the charge to the jury began. After the verdict was reached, the appellant failed to return to the courtroom, and the verdict was announced in his absence and repeated in his presence upon his eventual appearance. It is clear that the appellant was given every opportunity to be present throughout the entire trial, and his failure to be present was due to his own conduct.

A defendant waives his right to be present at trial by voluntarily absenting himself from the trial which has begun in his presence. *Commonwealth v. Felton*, 224 Pa.Super. 398, 307 A.2d 51 (1973). The defendant did not justify his absence from trial although he contends on appeal that he suffered from sleeping sick-

ness, and that the court below should have asked him why he was habitually absent. It is the duty of a defendant to justify his absence after trial has commenced. Pa.R.Crim.P. 1117(a) provides: "The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict." We understand this Rule to mean that if the defendant has good cause for not being present at every stage of the trial he must establish this to the satisfaction of the trial court.

Finally, the appellant contends that the court below erred in refusing to entertain oral pre-trial motions which were presented at the beginning of the trial. The appellant refused the services of the public defender assigned to him on at least four occasions. The attorney assigned was ready, willing and able to represent the appellant and could have filed the pre-trial motions within ten days prior to the commencement of trial in accordance with Pa.R.Crim.P. 305 which requires that pre-trial applications be made not less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application. Immediately before trial, the appellant moved to suppress his prior criminal record and challenged the validity of his arrest. The appellant had previously refused to be represented by the public defender who apparently would have made timely application as the grounds for the application existed long before the trial started. His refusal to co-operate with his appointed counsel does not relieve him of the responsibility of filing pre-trial motions in accordance with Rule 305.

Judgment of sentence affirmed.