594 A.2d 341

**COMMONWEALTH of Pennsylvania**

**v.**

**Harry G. DOLENO, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1991.

Filed July 10, 1991.

Robert H. Lang, Pittsburgh, for appellant.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Harry G. Doleno filed an appeal and requested a de novo hearing after he had been found guilty by a District Justice of operating a vehicle in violation of restricted weight limits established pursuant to 75 Pa.C.S. § 4902(a). When the case was called for hearing on March 19, 1990, however, Doleno failed to appear. Pursuant to Pa.R.Crim.P. 1117(a), therefore, the trial was conducted in Doleno's absence. At the conclusion thereof, Doleno was found guilty and sentenced to pay a fine of $12,460.00, plus costs of prosecution.

On March 22, 1990, Doleno filed a motion for new trial in which he contended that his failure to appear for trial had been caused by an inadvertent error of his lawyer, who had improperly recorded the trial date. A hearing on this post-trial motion was held on June 29, 1990, but the requested relief was denied. This appeal followed.

Prior to addressing the merits of appellant's claim, it is necessary to determine whether we have jurisdiction to hear this appeal. "In appeals from criminal convictions, the notice of appeal must be filed within thirty days of sentence." *Commonwealth v. Eliason*, 353 Pa.Super. 321, 323, 509 A.2d 1296, 1297 (1986). See also: *Commonwealth v. Martin*, 346 Pa.Super. 129, 135, 499 A.2d 344, 347 (1985); Pa.R.A.P. 903(a). An appeal which is not filed within thirty days of the judgment of sentence would normally be quashed. See, e.g.: *Commonwealth v. Green*, 320 Pa.Super. 85, 466 A.2d 1074 (1983); *Commonwealth v. Molyneaux*, 277 Pa.Super. 264, 419 A.2d 763 (1980). In the instant case, however, appellant was convicted and sentenced on the same day. Therefore, he was unable to file post-trial motions prior to the imposition of sentence. Un-

der similar circumstances, the Superior Court has refused to quash an appeal, reasoning as follows:

We conclude that the appeal was nevertheless proper. The trial court should not have imposed sentence prior to the filing and disposition of defendant's post-trial motions. The practice followed in this case has been condemned because it is in violation of established procedural law. *Commonwealth v. Shinn*, 368 Pa.Super. 436, 439 n. 1, 534 A.2d 515, 516 n. 1 (1987); *Commonwealth v. Hurst, supra,* [367 Pa.Super. 214, 532 A.2d 865 (1987)]; *Commonwealth v. Eliason*, 353 Pa.Super. 321, 323, 509 A.2d 1296, 1297 (1986). The proper procedure is to allow the defendant a period of ten days within which to file a motion for post-trial relief and to delay sentencing until the motion, if filed, has been decided. *Commonwealth v. Shinn, supra; Commonwealth v. Pringle*, 304 Pa.Super. 67, 75 n. 1, 450 A.2d 103, 107 n. 1 (1982). Because the trial court did not follow this procedure, we will not quash the defendant's appeal but will entertain it and dispose of it on the merits.

*Commonwealth v. Schauffler*, 397 Pa.Super. 310, 314, 580 A.2d 314, 316 (1990). In this case, moreover, appellant was not informed of his appellate rights at the time of sentencing. See: *Commonwealth v. Hurst*, 367 Pa.Super. 214, 218, 532 A.2d 865, 867 (1987); *Commonwealth v. Eliason, supra* 353 Pa.Super. at 323, 509 A.2d at 1297–1298; *Commonwealth v. Martin, supra* 346 Pa.Super. at 135–136, 499 A.2d at 347–348. Under all of these circumstances, therefore, we hold that the appeal in this case, which was filed within thirty (30) days after denial of appellant's post-trial motions, was proper.

The right of a criminal defendant to be present at his trial is set forth in Pa.R.Crim.P. 1117(a) as follows:

(a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. *The defendant's absence without cause shall not pre-*

*clude proceeding with the trial including the return of the verdict.*

(emphasis added).[1] Pursuant to this rule, a defendant has an absolute right to be present at trial, unless he is absent without cause. See: *Commonwealth v. Tolbert,* 246 Pa.Super. 23, 26, 369 A.2d 791, 792 (1977). In a de novo hearing following an appeal from a summary conviction, where the defendant, without excuse, fails to appear for trial, Rule 1117(a) permits the trial court to hear testimony, determine the facts and render a verdict in the defendant's absence. See: *Commonwealth v. Vianello,* 337 Pa.Super. 148, 486 A.2d 525 (1984); *Commonwealth v. Krut,* 311 Pa.Super. 64, 457 A.2d 114 (1983); *Commonwealth v. Kyle,* 307 Pa.Super. 446, 453 A.2d 668 (1982).[2] "[I]f the defendant has good cause for not being present at every stage of the trial he must establish this to the satisfaction of the trial court." *Commonwealth v. Andrews,* 245 Pa.Super. 547, 551, 369 A.2d 762, 764 (1977).

 In the instant case, appellant, without giving prior excuse or notice, failed to appear on the date scheduled for his de novo trial. Under these circumstances, the trial court cannot be said to have committed error by conducting the trial in appellant's absence. However, the fact that he was tried in absentia did not preclude appellant from attempting to demonstrate post-trial that a valid reason existed for his failure to appear. If appellant was able success-

---

**1.** All rules of criminal procedure are applicable to de novo trial of a summary appeal unless specifically declared to be inapplicable. *Commonwealth v. Koch,* 288 Pa.Super. 290, 294, 431 A.2d 1052, 1054 (1981). Pa.R.Crim.P. 1117(a) has not been made specifically inapplicable to summary appeals and, indeed, has been applied thereto. See, e.g.: *Commonwealth v. Kyle,* 307 Pa.Super. 446, 453 A.2d 668 (1982).

**2.** In cases involving misdemeanor or felony criminal offenses, however, Rule 1117(a) has been interpreted as allowing the waiver of a defendant's right to be present at trial only when the defendant has "voluntarily absent[ed] himself from the trial which has begun in his presence." *Commonwealth v. Andrews,* 245 Pa.Super. 547, 550, 369 A.2d 762, 764 (1977). See also: *Commonwealth v. Felton,* 224 Pa.Super. 398, 307 A.2d 51 (1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974). Thus, a defendant who failed to appear for trial on misdemeanor or felony charges, it was held, could not be tried in absentia under Rule 1117(a).

fully to demonstrate good cause for his absence from trial, the grant of a new trial would have been an appropriate remedy. See and compare: *Commonwealth v. McLaurin*, 292 Pa.Super. 392, 437 A.2d 440 (1981) and *Commonwealth v. Graves*, 238 Pa.Super. 452, 356 A.2d 813 (1976). See also: *Commonwealth v. Paul*, 292 Pa.Super. 401, 437 A.2d 445 (1981).

■ At the post-trial hearing, appellant's counsel offered the following explanation for his client's failure to appear for trial:

MR. LANG: Good morning, Your Honor, my name is Robert Lang and I represent the defendant.

The problem here doesn't have to do with the court or prosecution, it arises solely from my office, I'm afraid.

When I obtained a hearing date in this matter, I inadvertently and incorrectly marked it down on a different date. Accordingly, when this trial came up, neither myself or the defendant appeared. I was out of town the entire week before this date and accordingly I also didn't see it in the Pittsburgh Legal Journal.

. . . .

THE COURT: It's unfortunate for you, counselor, that you forgot. I would have imagined that someone in your firm would have been able to handle that case for you at the time.

MR. LANG: There was no one else present, Your Honor, at that time. It's my responsibility for taking the Legal Journal, too, and since I was out of town, we also didn't pick it up in the Legal Journal.

The trial court nevertheless refused to grant post-trial relief, stating that it felt constrained to uphold the original finding of guilt. No other explanation for the court's ruling was offered.

After careful study, we conclude that appellant established successfully that his absence from trial was not "without cause." His failure to appear at trial resulted

from an error by counsel which prevented appellant from appearing on the scheduled date of hearing. This absence was not a voluntary act, but one that was unintentionally caused by counsel's error. Under such circumstances, it would be manifestly unfair to deprive appellant of the opportunity to appear and present a defense to the charge against him.

We find support for our holding in the decision of the Superior Court in *Commonwealth v. McLaurin, supra.* There the defendant had failed to appear for a suppression hearing and was eventually convicted of the crimes charged. Post-trial, he alleged that he had been denied his right to be present at the suppression hearing and that his counsel had been ineffective for permitting the hearing to be held in his absence. The Superior Court agreed and held that "counsel's failure to make [the defendant] aware of the suppression hearing and the need for his attendance requires a remand to the court below for a suppression hearing with the [defendant] and his counsel present." *Id.,* 292 Pa.Superior Ct. at 401, 437 A.2d at 445. The *McLaurin* Court discussed the application of Rule 1117(a) to its holding in the following manner:

> The right of the defendant to be present from the time of arraignment, which encompasses the pre-trial phase of the case, is protected by Pa.R.Crim.P. 1117(a). *See Commonwealth v. Hoss, supra* [445 Pa. 98, 283 A.2d 58 (1971) ]. The right is absolute unless the defendant is absent without cause, *see United States v. Pastor,* 557 F.2d 930 (2d Cir.1977); instantly, there was cause since court-appointed counsel neglected to inform his client to be in court the date set for the hearing.

*Id.,* 292 Pa.Superior Ct. at 400–401, 437 A.2d at 445.

Similarly, in *Commonwealth v. Graves, supra,* the Superior Court granted a new trial to a defendant who had been absent from trial during the selection of two jurors after having been informed by counsel that he could leave court for the day. The Court held that, under such circumstances, the defendant had not been "absent without cause"

pursuant to Rule 1117(a) and that his counsel had been ineffective for selecting two jurors in his absence. *Id.* 238 Pa.Super. at 455, 356 A.2d at 814. See also: *Commonwealth v. Tolbert, supra* 246 Pa.Super. at 25–26, 369 A.2d at 792.

Additional support for this conclusion can be found in the body of law in civil cases which generally permits the opening of a default judgment or judgment of non pros which has resulted because of an error or neglect by counsel. See, e.g.: *Commonwealth, Department of Transportation v. Nemeth,* 497 Pa. 580, 584, 442 A.2d 689, 691 (1982) ("Any person entrusting a matter to an attorney in this Commonwealth should be able to believe that the matter will be competently and diligently handled."); *Esslinger v. Sun Refining & Marketing Co.,* 379 Pa.Super. 69, 74, 549 A.2d 600, 603 (1988) ("[A] litigant placing his/her case in the hands of a reputable counsel should not be turned out of court if the delay complained of was almost entirely on account of the neglect or oversight of counsel."); *Bildstein v. McGlinn,* 320 Pa.Super. 416, 423, 467 A.2d 601, 605 (1983) ("[T]he power to open a default judgment will usually be exercised where a default has been the result of a mistake or oversight by counsel.").

Because appellant's absence on the day of trial was a result of erroneous advice by his lawyer, it cannot be said that he was absent without cause. We hold, therefore, that the trial court abused its discretion when it refused to grant a new trial at which appellant could defend the charge against him. Because appellant did not voluntarily relinquish his right to be present at his trial pursuant to Pa. R.Crim.P. 1117(a), a new trial will be granted at which appellant may offer a defense.

Reversed and remanded for a new trial. Jurisdiction is not retained.