## Commonwealth v. Rauso

*Jessica Conley, assistant district attorney,* for the Commonwealth.

*Gennaro Rauso,* in propria persona.

FITZPATRICK, *J.,* August 10, 1992—On March 30, 1991, Gennaro Rauso (hereinafter referred to as "defendant") was issued a traffic citation for violation of §1786 of the Pennsylvania Vehicle Code, 42 Pa.C.S §1786 (driving without proof of financial responsibility). Defendant contested the citation and was found in violation of that provision at Collingdale Regional Court. Defendant appealed to this court. Defendant failed to appear for the de novo proceeding before this court and the section 1786 violation was established. Defendant, subsequently, filed a notice of appeal necessitating this opinion.

The facts are undisputed. On March 30, 1991, Officer Hoffner of the Sharon Hill Borough Police Department stopped a vehicle, owned and operated by defendant, for motor vehicle violations. Defendant was unable to present evidence of financial responsibility for his vehicle upon Officer Hoffner's request. Subsequently, defendant was issued a traffic citation and his vehicle was impounded.

Three days after this incident defendant presented an application for auto insurance, dated April 1, 1991, to the Sharon Hill Police Department. Defendant, however, was unable to present documentation of financial responsibility for March 30, 1991, the date on which defendant was cited by Officer Hoffner.

Defendant failed to appear before this court on April 13, 1992.[*] In his statement of matters complained of

---

[*] Defendant had an additional summary appeal hearing scheduled for April 13, 1991, concerning another traffic citation. He also failed

on appeal, defendant contends that he should be granted a new trial as his failure to appear was the result of exigent circumstances.

Specifically, defendant asserts that he did not have documentation in his possession to remind him of the April 13, 1991, hearing because his personal files, records and books were seized as a result of a search warrant in Philadelphia County.

Section 1117(a) of the Pennsylvania Rules of Criminal Procedure provides that a hearing may be conducted in the absence of a defendant, when the defendant, without prior excuse or notice, fails to appear on the day scheduled for his hearing. 42 Pa.C.S §1117(a). This rule allows the court to hear testimony, determine facts and render a verdict in the defendants absence. *Commonwealth v. Vianello,* 337 Pa. Super. 148, 486 A.2d 525 (1984). If the defendant has good cause for failing to appear, he must establish this to the satisfaction of the court. *Commonwealth v. Andrews,* 245 Pa. Super. 547, 551, 369 A.2d 762, 764. (1977).

The deliberate absence of a defendant who knows that he stands accused and that a hearing will be on a certain day indicates nothing less than an intention to obstruct the orderly process of justice. *United States v. Pastor,* 557 F.2d 930, 934 (2d Cir. 1977). The fact that defendant's personal files and records were seized is inconsequential of defendant's failure to appear. Defendant admitted that he received proper notice of his hearing date when he indicated he was no longer in possession of such documentation. The notice was effectuated and a continuing

to appear for this matter. This case was continued as the officer involved was not present in the courtroom when the case was called.

reminder of the hearing date is not required. If defendant had any question as to the date and time of his hearing in this court, he should have made an effort to verify that information. Defendant never contacted the Delaware County Court of Common Pleas, Office of Judicial Support, Court Administrator's Office or Clerk's Office in an effort to discover the date and time of his hearing.

The defendant had the right to be present at the de novo hearing, however, that right is only absolute if the defendant is absent with cause. *United States v. Pastor,* 557 F.2d 930. In the instant case, defendant failed to present circumstances which constitute good cause and the hearing was properly conducted in the defendant's absence. Officer Hoffner's undisputed testimony indicated that the defendant was unable to produce the required documentation of financial responsibility. This testimony is sufficient to establish a violation of section 1786. For the foregoing reasons, the order of April 13, 1992 was entered and defendant was sentenced to a fine of $300.