J-S55008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLYDE PATRICK, | |
| Appellant | No. 1829 EDA 2013 |

Appeal from the PCRA Order May 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0049140-2009, CP-51-CR-0001537-2010

BEFORE:  BOWES, SHOGAN, and OTT, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 12, 2014**

Clyde Patrick appeals from the order entered by the court below denying his first counseled PCRA petition.  We affirm.

On October 23, 2009, police were conducting surveillance in the 2100 block of Darien Street, Philadelphia.  Police observed Appellant engage in a series of hand-to-hand transactions.  After the last transaction, police effectuated a traffic stop of an individual whom they witnessed participate in the apparent drug sale.  Police recovered one packet of crack cocaine.  Based on this information and the observations of the police, the police secured a search warrant for 2170 North Darien Street.  The residence appeared abandoned, except for a squatter in a makeshift bedroom.  Police did not recover any drugs from the property.

Appellant, who was not a citizen of this country, was charged with possession with intent to deliver ("PWID") and simple possession. After a non-jury trial, the court found Appellant guilty of PWID cocaine and possession of cocaine on June 27, 2012. The court sentenced Appellant that same day to three years probation. Appellant did not file a direct appeal, but on December 14, 2012, filed a counseled PCRA petition requesting his direct appeal rights be restored. Thereafter, Appellant filed an amended petition on February 15, 2013, and the court conducted an evidentiary hearing on May 10, 2013. Both trial counsel and Appellant testified at the hearing. The PCRA court denied Appellant's petition on that same date. However, the court failed to comply with Pa.R.Crim.P. 908(E), which requires the PCRA court to advise the petitioner of his right to appeal within thirty days.

Appellant filed a motion for reconsideration on May 17, 2013. The court scheduled a hearing on that motion and heard argument on June 20, 2013, and denied the motion.[1] Appellant filed the instant appeal on June 25, 2013. The court did not direct Appellant to file a concise statement of errors

_____

[1] The record does not contain a scheduling order. However, both the Commonwealth and PCRA counsel appeared for a June 20, 2013 hearing, which is transcribed and part of the record. We recognize that jurisdictional issues cannot be waived, but note that at no point did the Commonwealth argue that the PCRA court lacked jurisdiction to consider the reconsideration motion, nor did the PCRA court suggest as such.

complained of on appeal, but did author a cursory Pa.R.A.P. 1925(a) opinion.

Therein, the PCRA court suggested that Appellant's appeal was untimely.

This Court entered an order on July 3, 2013, directing Appellant to show

cause as to why his appeal should not be quashed as untimely. Appellant

filed a response, and this Court deferred resolution to this panel. Appellant

now presents two issues for our review.[2]

> 1. Is the appellant entitled to review of his appeal from the dismissal of his PCRA petition where the notice of appeal was timely?
>
> 2. Is the appellant entitled to post-conviction relief in the form of the grant of leave to file a direct appeal *nunc pro tunc*?

Appellant's brief at 4.

Appellant argues that the PCRA court granted his motion for

reconsideration, which tolled the period for filing his appeal. In this respect,

Appellant notes that the court held a hearing on the reconsideration motion,

heard argument on the motion, and then denied him relief on June 20, 2013.

Accordingly, he maintains that his June 25, 2013 notice of appeal was

timely. In the alternative, Appellant posits that a breakdown in the judicial

system occurred. He notes that the PCRA court failed to comply with

Pa.R.Crim.P. 908(E), and nothing in the record demonstrates that he was

_____

[2] We note that Appellant is represented by different PCRA counsel on appeal than below. Original PCRA counsel was retained, and original substitute PCRA counsel was appointed for this appeal. That attorney, however, withdrew, and the PCRA court appointed current counsel.

aware of the appeal period. In support he relies on ***Commonwealth v. Meehan***, 628 A.2d 1151 (Pa.Super. 1993). Therein, the petitioner filed an appeal from a PCRA petition that was untimely. However, we held that since the court did not inform the petitioner of his appellate rights, we would not quash the appeal. The ***Meehan*** Court ruled that way despite setting forth that the petitioner therein was experienced with the appellate system and knew his appellate rights.

The Commonwealth, echoing the PCRA court, replies that Appellant's appeal is untimely and should be quashed. We disagree. Here, not only did the PCRA court err in failing to follow Pa.R.Crim.P. 908(E), it proceeded to schedule an additional hearing on Appellant's motion for reconsideration, and entertained that motion before denying it. While no order exists in the record where the PCRA court expressly granted reconsideration, we agree that a breakdown in the judicial system occurred. The PCRA court not only did not inform Appellant of his appellate rights, it compounded that error by scheduling a hearing on the reconsideration motion more than thirty days from the issuance of its final order. In doing so, it appeared to grant the motion to reconsider. Accordingly, we decline to quash this appeal.

Nonetheless, Appellant's appeal fails on its merits. Our review in PCRA matters is guided by the following principles. We consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*).

- 4 -

This review is limited to the evidence of record and the factual findings of the PCRA court. *Id*. We afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Id.* Accordingly, so long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. *Id*. Nonetheless, where the issue pertains to a question of law, "our standard of review is *de novo* and our scope of review is plenary." *Id.*

Appellant contends that trial counsel was *per se* ineffective in failing to file a direct appeal. *See* Appellant's brief at 19-23 (citing *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1998); *Commonwealth v. Liebel*, 825 A.2d 630 (Pa. 2003); *Commonwealth v. Halley*, 870 A.2d 795 (Pa. 2005)). In addition, Appellant asserts that even if trial counsel was not *per se* ineffective, he was ineffective in failing to consult with him about his appellate rights. Appellant's brief at 25 (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Commonwealth v. Touw*, 781 A.2d 1250 (Pa.Super. 2001)). In the latter scenario, this Court in *Commonwealth v. Markowitz*, 32 A.3d 706 (Pa.Super. 2011), outlined the relevant law as follows.

> Where counsel has not advised his client about the client's appellate rights, the question becomes whether that failure caused actual prejudice to the petitioner, *i.e.,* "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores–Ortega, supra* at 484, 120 S.Ct. 1029. In analyzing whether there is a constitutional mandate to consult with a defendant about his appellate rights, the Supreme Court opined that a court must determine if "a

rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480, 120 S.Ct. 1029. Where a petitioner can prove either factor, he establishes that his claim has arguable merit.

In deciding whether the petitioner suffered actual prejudice, the High Court listed several relevant factors. For example, did the petitioner plead guilty, thereby decreasing the number of appealable issues? *Id*. Pertinent considerations also include any instructions given by the court with respect to the defendant's right to appeal as well as evidence of nonfrivolous grounds for appeal.

*Id*. at 716.

Here, the PCRA court did not find Appellant's testimony that he requested trial counsel file an appeal credible. The court instead credited trial counsel's testimony that, had Appellant asked for an appeal, he would have filed an appeal. Specifically, trial counsel testified that Appellant did not ask for an appeal, although he also indicated that he could not recall Appellant asking him to file an appeal. He remarked that Appellant scheduled two appointments with him after his sentencing, but failed to appear. Trial counsel also referred Appellant to an immigration lawyer because Appellant's conviction would have deportation consequences. We note that trial counsel advised Appellant of his appellate rights following his sentencing, and, in doing so, actually indicated that if Appellant wished to appeal he would have to advise the court to appoint a new attorney to appeal on his behalf.

In light of the PCRA court's credibility findings, Appellant cannot establish that trial counsel was *per se* ineffective. Further, the record establishes that counsel did inform Appellant of his appellate rights. To the extent trial counsel did not consult with Appellant in more detail regarding the possibility of an appeal, the PCRA court found that Appellant failed to appear at two meetings with trial counsel after his sentencing. Accordingly, he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2014