J. S27024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                         :        PENNSYLVANIA
                         :
                         :
                         :
            v.            :
                         :
JOSHUA SCOTT SCHAUER,       :
                         :
          Appellant    :   No. 722 MDA 2015

Appeal from the Judgment of Sentence March 18, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division No(s): CP-38-CR-0000761-2012

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:           **FILED JULY 28, 2016**

Appellant Joshua Scott Schauer appeals from the Judgment of

Sentence entered on remand on March 18, 2015 by the Court of Common

Pleas of Lebanon County. Appellant challenges the discretionary aspects of

his sentence. Because the trial court did not comply with either Pa.R.Crim.P.

704(C)(3)(a) or 42 Pa.C.S. § 9721(b), we vacate and remand for

resentencing.

The underlying facts are as follows. On March 7, 2013, a jury found

Appellant Joshua Scott Schauer guilty of Delivery of a Controlled Substance

(crack cocaine), Criminal Use of a Communication Facility, and two counts of

---

[*] Former Justice specially assigned to the Superior Court.

conspiracy.[1]　On June 26, 2013, the trial court sentenced him to an aggregate term of 2 to 10 years' incarceration, with RRRI eligibility at 18 months.　The sentence included a mandatory minimum pursuant to 18 Pa.C.S. § 6317, Drug-free school zones. After the denial of post-sentence motions, Appellant filed a timely direct appeal and began serving his sentence. In December 2014, Appellant was released on parole after serving 18 months.

On February 24, 2015, this Court reversed and remanded for resentencing as a result of the decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which rendered Section 6317 unconstitutional. *Commonwealth v. Schauer*, No. 2019 MDA 2013 (Pa.Super. filed Feb. 24, 2015) (unpublished memorandum).　*See Commonwealth v. Bizzel*, 107 A.3d 102 (Pa.Super. 2014), *appeal denied*, 126 A.3d 1281 (Pa. 2015) (noting unconstitutionality of Section 6317).

On March 18, 2015, the trial court resentenced Appellant to 18 months to 10 years' incarceration. At the resentencing hearing, Appellant's counsel told the court that they were there "on the issue of constitutional fault in the mandatory minimum sentence." N.T. at 2. Counsel then informed the court of Appellant's successful participation in addiction and treatment programs while he was incarcerated for 18 months and after his release. *Id*., at 2 – 4.

---

[1] 35 P.S. §780-113(a)(30), 18 Pa.C.S. § 7512(a); 18 Pa.C.S. § 903(a)(1), respectively.

Following argument, the court stated: "So what I'm going to do is just a technical resentencing. It's the same thing only we'll just do time served and he's immediately released on parole. All the other conditions will remain the same as they would have previously been imposed." N.T., 3/18/15, at 5.[2] Appellant did not object, and the proceeding concluded. Neither the sentencing court nor Appellant's counsel determined in open court that Appellant was aware of his post-sentence or appeal rights. Appellant did not file a post-sentence motion.

On March 30, 2015, Appellant's counsel filed a Petition to Withdraw as Counsel. During the pendency of that withdrawal motion, Appellant asked counsel to file a direct appeal. Counsel filed a Notice of Appeal on April 22, 2015, 35 days after the court had re-sentenced Appellant in open court. The trial court filed a Pa.R.A.P. 1925(a) statement requesting this Court to quash the appeal as untimely. *See* "Order," dated May 5, 2015. The court did not

---

[2] The written resentencing Order provides the following details with respect to the imposition of terms of incarceration for each offense: (1) for Violation of the Controlled Substance Act, 35 P.S. §780-113(a)(30), time served to 10 years, with RRRI eligibility at 18 months; (2) for Conspiracy to Violate the Controlled Substance Act, a concurrent term of 1 to 10 years' incarceration with RRRI eligibility at 9 months; (3) for Criminal Use of Communication Facility, 18 Pa.C.S. § 7512(a), a concurrent term of 1 to 7 years; and (4) for Conspiracy to Commit Criminal Use of Communication Facility, a concurrent term of one year to seven years, with RRRI eligibility at nine months. After the recitation of each sentence, the court ordered: "Since the Defendant has served the minimum, he is immediately released on parole." Trial Court Order, dated March 18, 2015, and entered March 23, 2015.

order Appellant to file a Pa.R.A.P. 1925(b) statement, concluding it would be a "futile act." *Id*., at 2 n.1.

This Court directed Appellant to show cause why the appeal should not be quashed as untimely. In response, Appellant's counsel acknowledged that he had filed the notice of appeal 35 days after the sentence had been imposed in open court, but noted that nothing in the record indicates that Appellant had been apprised of his post-sentence and appeal rights. By *per curiam* Order, this Court discharged the show-cause order to defer the timeliness issue to this merits panel.

On appeal, Appellant raises the following issue for our review:

> Did the Resentencing Court abuse its discretion in resentencing Appellant to a sentence of eighteen (18) months to ten (10) years in a state correctional facility where the standard range was nine (9) to (16) months?

Appellant's Brief at 4.

Before we address the merits of the issue raised, we must first determine whether Appellant timely filed the present appeal. "[I]t is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). A Notice of Appeal must be filed within 30 days of the entry of the Order being appealed. **See** Pa.R.A.P. 903(a); **Commonwealth v. Moir**, 766 A.2d 1253 (Pa. Super. 2000). In a criminal case in which no post-sentence motion is filed, the Notice of Appeal must be filed within 30 days of the imposition of the judgment of sentence in open

court. Pa.R.A.P. 903(c)(3). Generally, this Court cannot extend the time for filing a Notice of Appeal. Pa.R.A.P. 105(b). However, "this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007).

Here, Appellant filed his Notice of Appeal on April 22, 2015, 35 days after the trial court imposed judgment of sentence in open court. Because Appellant did not file within 30 days as required by Pa.R.A.P. 903(c)(3), his notice of appeal was untimely. Before quashing the appeal, however, we must ascertain whether an administrative breakdown in the court system excuses the untimely filing of the Notice of Appeal.

Pa.R.Crim.P. 704(C)(3)(a) requires that, at the time of sentencing "the judge shall determine on the record that the defendant has been advised … of the right to file a post-sentence motion and to appeal, … [and] of the time within which the defendant must exercise those rights." Where the trial court at the time of sentencing departs from the obligations of Rule 704, *i.e.*, either fails to advise a defendant of his or her post-sentence and appellate rights or misadvises him or her, an administrative breakdown has occurred which excuses the untimely filing of the Notice of Appeal. ***See Patterson***, ***supra*** at 498-499 (citing cases). ***See also Commonwealth v. Meehan***, 628 A.2d 1151 (Pa. Super. 1993) (holding that notwithstanding an appellant's experience with the appellate system, quashal of an untimely

appeal is inappropriate where the lower court has not informed the appellant of his appellate rights).

In the instant case, the trial court did not determine in open court that Appellant knew of his post-sentence and appeal rights, as required by Rule 704. There was, thus, an administrative breakdown which excuses the untimely filing of Appellant's Notice of Appeal. Accordingly, we decline to quash this appeal.

However, in addition to the Rule 704(C)(3)(a) violation, there was an additional error in the resentencing proceedings which requires that we remand for resentencing.

Our Sentencing Code provides that "[i]n every case in which the court … resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *42 Pa.C.S. § 9721(b)*; *Commonwealth v. Mouzon*, 812 A.2d 617, 620–21 (Pa. 2002). In the instant case, the court concluded at Appellant's resentencing hearing: "So what I'm going to do is just a technical resentencing. It's the same thing only we'll just do time served and he's immediately released on parole. All the other conditions will remain the same as they would have previously been imposed." N.T. at 5. The trial court provided no further explanation for its reasons for imposing the sentence.

We cannot construe the sentencing court's characterization of the proceeding as a "technical resentencing" to be an adequate "statement of reason or reasons" for the sentence imposed, as contemplated by Section 9721(b) and the ***Mouzon*** Court. Accordingly, we vacate and remand for resentencing, after which Appellant may file a post-sentence motion with the trial court asserting a challenge to the discretionary aspect of his sentence.[3]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Shogan files a Concurring Memorandum.

PJE Judge Stevens files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2016

---

[3] Issues challenging the discretionary aspects of a sentence "must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa.Super. 2013) (citations omitted).