J-S15030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| XAVIER JASON PAGAN | |
| Appellant | No. 1083 MDA 2014 |

Appeal from the PCRA Order of June 16, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004619-2012

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED MARCH 09, 2015**

Xavier Pagan appeals *pro se* the June 16, 2014 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, without an evidentiary hearing.  Because the PCRA court compelled Pagan to proceed with appointed counsel, despite Pagan's request to represent himself, without first holding a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), we vacate the PCRA court's order, and remand for a **Grazier** hearing and any subsequent PCRA proceedings that become necessary following the hearing.

On January 28, 2013, Pagan pleaded guilty to two counts each of aggravated assault and criminal conspiracy to commit aggravated assault, and one count each of simple assault, criminal conspiracy to commit criminal homicide, criminal conspiracy to commit simple assault, and intimidation of a

witness.[1]  Pursuant to a plea agreement with the Commonwealth, Pagan was sentenced to an aggregate term of thirteen to forty years' incarceration. Pagan did not file a direct appeal.

On August 29, 2013, Pagan filed a "Motion to Proceed *Pro Se*." Therein, Pagan petitioned the PCRA court to permit him to represent himself and to file a *pro se* PCRA petition without the assistance of counsel.  Pagan also asked the PCRA court to conduct a ***Grazier*** hearing.  On September 5, 2013, the PCRA court treated Pagan's motion as a PCRA petition, denied Pagan's requests to proceed *pro se* and to conduct a ***Grazier*** hearing, and appointed counsel to represent Pagan.  Counsel filed three petitions for extension of time to file an amended PCRA petition.  On April 2, 2014, before counsel filed anything on Pagan's behalf, Pagan filed a standard prison PCRA form requesting PCRA relief, and again expressed his desire to represent himself.  Once again, Pagan requested that the PCRA court conduct a ***Grazier*** hearing.  For the second time, the PCRA court denied Pagan's request.  The PCRA court reasoned that Pagan's PCRA petition did not contain any meritorious issues, and that Pagan needed counsel to assist him in ascertaining whether any such issues existed.

On May 1, 2014, counsel filed a "no-merit" letter and a petition to withdraw as counsel.[2]  On May 13, 2014, the PCRA court notified Pagan of

---

[1]  The facts underlying Pagan's guilty plea are immaterial to the disposition of this case.  As such, we need not recite them here.

its intention to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. In the written notice, the PCRA court also granted counsel's petition to withdraw as counsel. Pagan did not respond to the PCRA court's Rule 907 notice. On June 16, 2014, the PCRA court formally dismissed Pagan's petition.

On June 26, 2014, Pagan filed a notice of appeal. In response, the PCRA court directed Pagan to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 21, 2014, Pagan filed a timely concise statement. On July 28, 2014, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a). Therein, the PCRA court summarily addressed Pagan's multiple requests for a *Grazier* hearing as follows:

> [Pagan] first alleges that [the PCRA court] erred by failing to allow him to waive counsel and proceed *pro se*. Because PCRA counsel's request to withdraw has been granted and [Pagan] is currently proceeding *pro se*, this issue is moot. Moreover, permitting a well-respected, court-appointed attorney to conduct an independent review of the record in no way prejudiced [Pagan]. As demonstrated by the self-serving and mostly irrelevant allegations of error contained in his Concise Statement, [Pagan] is incapable of effectively representing himself. As a result, this claim is without merit.

PCRA Court Opinion ("P.C.O."), 7/28/2014, at 3.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Pagan raises six issues for our review in his brief. **See** Brief for Pagan at 4. However, because we remand for a **Grazier** hearing, we address only his first listed issue: "Did the [PCRA] court abuse its discretion and in doing so, violate Pa.R.Crim.P. 904, by disregarding [Pagan's] numerous requests to proceed *pro se* in his pursuit for [PCRA] relief?" **Id.**

A PCRA petitioner/appellant has a rule-based right to counsel during the proceedings, at all levels, disposing of a first PCRA petition. **Commonwealth v. Figueroa**, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) ("Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process."); Pa.R.Crim.P. 904. Pursuant to **Grazier**, "[w]hen a waiver of the right to counsel is sought at the **post-conviction** and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Grazier**, 713 A.2d at 82 (emphasis added). A **Grazier** hearing is required before we may adjudicate an appeal even when it is clear from the record that a particular appellant "clearly and unequivocally indicates a desire to represent himself," **Robinson**, 970 A.2d at 459-60, and even when neither of the parties challenges the lack of a hearing. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) ("Thus, we hold that where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court

- 4 -

is required to raise this error *sua sponte* and remand to the PCRA to correct that mistake.").

Our case law is now abundantly clear that a **Grazier** hearing is required any time that a PCRA petitioner seeks to represent himself. **See Stossel**, 17 A.3d at 1290. In **Robinson**, we explained the importance of holding a **Grazier** hearing in the PCRA context as follows:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.
>
> In **Commonwealth v. Meehan**, 628 A.2d 1151 (Pa. Super. 1993), which was specifically cited with approval in our Supreme Court's pronouncement in **Grazier**, we addressed whether the defendant had validly waived his rule-based right to counsel for purposes of a PCRA hearing. The defendant therein complained that he did not actually waive his right to counsel because the waiver colloquy was inadequate in that it did not conform to the requirements of Pa.R.Crim.P. 121, formerly Pa.R.Crim.P. 318, waiver of counsel.
>
> That rule indicates that if a defendant seeks to waive his right to counsel, six areas of inquiry must be explored and explained to the defendant to "ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent[.]" Pa.R.Crim.P. 121(A)(2). In **Meehan**, we noted that some of the precepts regarding waiver of counsel in the trial setting were inapplicable in the PCRA area. We did hold, however, that if a post-conviction waiver of counsel is requested by the defendant, the PCRA court must ascertain that "the defendant understands: (1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and

- 5 -

(3) that many rights and potential claims may be permanently lost if not timely asserted." *Id.* at 1157; *see also Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa. Super. 2001). While we concluded that the colloquy conducted therein was sufficient, that case clearly indicates four of the six areas of inquiry contained in Rule 121 apply in the PCRA context.

Pa.R.Crim.P. Rule 121(A)(2) provides:

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Subsections (b) and (c) are not relevant in the PCRA setting; however, the remainder of concepts examined in Rule 121 clearly impact on whether a defendant understands the full

import of his decision to act as his own counsel. Therefore, in accordance with ***Meehan*** and as required by [***Commonwealth v.***] ***Davido***, [868 A.2d 431 (Pa. 2005) (finding that it is up to the trial court to ensure that a proper colloquy is performed where a defendant has invoked his right to self-representation),] **we conclude that if a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f)**. A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a PCRA petition], they may be lost permanently."

***Robinson***, 970 A.2d at 458-60 (citations modified; emphasis added).

Herein, the PCRA court plainly erred by denying Pagan's repeated requests for a ***Grazier*** hearing. As ***Robinson*** makes clear, a PCRA court does not have the discretion to choose whether or not to hold a ***Grazier*** hearing. To the contrary, upon request, a PCRA court must conduct the hearing in accordance with the procedure outlined above in ***Robinson***.

Notably, the decision to hold a ***Grazier*** hearing or to permit a first-time PCRA petitioner to represent himself does not include a PCRA court's evaluation of the strength or weakness of the claims raised by the PCRA petitioner. Nor does the court's obligation encompass an evaluation of the likelihood of success of the petition or of the quality of self-representation performed by the petitioner leading up to the ***Grazier*** hearing. Finally, neither ***Robinson***, ***Grazier***, or Rule 121 empowers the PCRA court to

consider whether the *pro se* petitioner would suffer prejudice if represented by counsel. The PCRA court may believe that having counsel is in the best interests of the petitioner; however, the decision does not lie with the court. The PCRA court must conduct the colloquy, and decide only if the petitioner is making a knowing, voluntary, and intelligent decision to represent himself. If the court believes that the petitioner's decision meets that standard, the court may not stand in the way of the petitioner's desires, no matter the potential prejudice that may befall the petitioner or how much the court believes the decision not to be in the petitioner's best interests.

The Commonwealth has candidly conceded that the PCRA court erred when it declined repeatedly to hold a **Grazier** hearing. **See** Brief for the Commonwealth at 9. For the preceding reasons, we agree with Pagan and the Commonwealth that the trial court was required to hold a **Grazier** hearing, but inexplicably failed to do so. Consequently, we vacate the PCRA court's June 16, 2014 order dismissing Pagan's PCRA petition. We remand with instructions to the PCRA court to conduct the **Grazier** hearing, and to proceed accordingly based upon the outcome of that hearing. Because the proceedings on remand likely will change the content and character of this appeal substantially, requiring the issuance of new orders and opinions, we relinquish our jurisdiction over this appeal. **See Robinson**, 970 A.2d at 460; **Stossel**, 17 A.3d at 1291.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2015