J-S13044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v. :
:
:
:
ANDRE YANICK AINA :
:
Appellant : No. 1469 MDA 2018

Appeal from the PCRA Order Entered July 24, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000688-2015

BEFORE: STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED MARCH 31, 2020**

Andre Yanick Aina (Aina) appeals *pro se* from the order of the Court of Common Pleas of Centre County (PCRA court) denying his first petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The Commonwealth concedes that Aina's trial counsel was ineffective for not seeking dismissal of firearms not to be carried without a license. We agree and remand for Aina's conviction to be vacated. On the remaining claims, we remand for the appointment of counsel or a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

On April 8, 2015, Aina was pulled over for a traffic violation while driving on Interstate 80. A search of the car produced a SKS-model rifle, stun gun and rolling papers, while a search incident to arrest produced a bag of marijuana. Aina was charged with persons not to possess firearms, firearms not to be carried without a license, prohibited offensive weapons, possession of a small amount of marijuana, possession of drug paraphernalia, restrictions on use of limited access highways and speeding.[1]

Before trial, Aina moved to suppress the evidence found in the car and on his person. Following a suppression hearing, that motion was denied. Aina also moved to dismiss the persons not to possess firearms charge because he had never been convicted of an enumerated offense. That motion was granted, leaving firearms not to be carried without a license as the only firearms offense. For that offense, a "firearm" is limited in relevant part to rifles "with a barrel length less than 16 inches" or "an overall length of less than 26 inches." 18 Pa.C.S. § 6102 (definition of "firearm").[2]

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 908(a), 35 P.S. §§ 780-113(a)(31), (a)(32) and 75 Pa.C.S. §§ 3313(d)(1), 3362(a)(1.1), respectively.

[2] In contrast, a "firearm" for persons not to possess firearms is not limited by the weapon's length or its barrel. **See** 18 Pa.C.S. § 6105(i) ("As used in this section only, the term 'firearm' shall include any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or received of any such weapon.").

At the November 2, 2015 bench trial, the Commonwealth did not present any evidence about the length of the rifle or its barrel. Instead of producing the actual rifle at trial, the Commonwealth relied on a photograph but did not provide any of the rifle's measurements. Despite this apparent failure to establish an essential element, Aina's trial counsel did not seek to dismiss the firearms not to be carried without a license charge. The trial court found Aina guilty of all offenses (except speeding) and, on December 17, 2015, sentenced him to 3 to 6 years' imprisonment for firearms not to be carried without license.[3]

Aina retained new counsel who filed a direct appeal of the denial of his suppression motion but not his firearms conviction. On December 9, 2016, this Court affirmed the judgment of sentence. *See Commonwealth v. Aina*, 417 MDA 2016 (Pa. Super. 2016) (unpublished memorandum). Aina did not petition for permission to appeal to the Pennsylvania Supreme Court.

On March 16, 2017, Aina filed a *pro se* PCRA petition averring, among other things, that trial counsel ineffectively waived his right to a jury trial and was ineffective at trial. Using the standardized PCRA form provided by the Department of Corrections, Aina checked the box requesting the appointment

---

[3] The trial court also imposed concurrent sentences of 6 to 12 months' imprisonment for prohibited offensive weapons, 15 to 30 days for possession of a small amount of marijuana and 1 to 6 months for possession of drug paraphernalia. As part of its sentencing, the trial court ordered that all contraband confiscated, including the rifle, be destroyed.

of counsel. On April 19, 2017, PCRA counsel was appointed. Aina, however, continued to file several *pro se* motions amending his initial petition. Though these filings had no legal effect because he was represented by counsel, the Commonwealth still filed answers to all of Aina's *pro se* filings on August 1, 2017. Each answer included a motion to dismiss without hearing based on Aina's failure to plead his ineffectiveness claims under the established three-prong framework and state facts supporting each claim as required by Pa.R.Crim.P. 902. On August 24, 2017, PCRA counsel was ordered to inform the court within 60 days if he intended to file an amended petition or a *Turner*/*Finley* no-merit letter.[4]

Before anything was filed, Aina filed a motion to dismiss counsel on September 19, 2017.[5] After permitting counsel to withdraw, the PCRA court asked Aina if he wished to represent himself or have new counsel appointed. Aina replied by asking if stand-by counsel could be appointed to file motions. The PCRA court explained that he would still represent himself if stand-by counsel were appointed. When asked how long Aina would have to wait for a hearing if new counsel was appointed, the PCRA court replied that it could not say exactly but stated, "these things don't happen quickly." Aina then stated

---

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. 1988).

[5] Aina also filed a disciplinary complaint against PCRA counsel, prompting him in turn to file a motion to withdraw as counsel.

- 4 -

that he wished to proceed *pro se* with stand-by counsel. The PCRA court agreed that they would "treat it that way" and appointed stand-by counsel.

Because he was no longer represented by counsel, the PCRA court granted Aina's request that all of his *pro se* filings be deemed filed. In the ensuing months, Aina filed additional motions and supplements to his PCRA petition. Among these, on December 19, 2017, he filed a "motion to compel discovery and evidence" requesting production of the rifle for measurement. In his "motion to supplement PCRA petition" filed on January 29, 2018, Aina asserted that trial counsel was ineffective for not challenging the Commonwealth's failure to establish the length of the rifle or its barrel. Aina reiterated this at an April 6, 2018 hearing on his "motion to compel discovery and evidence," contending the Commonwealth failed to present any evidence at trial about the length of the rifle or its barrel.

On May 15, 2018, the PCRA court issued an opinion and order dismissing without hearing all of Aina's claims except his claim that trial counsel was ineffective in waiving his right to a jury trial. Though stating it was reviewing all of Aina's claims, the PCRA court did not address trial counsel's failure to challenge firearms not to be carried without a license. Instead, the PCRA court confined its analysis to the claims raised in the initial PCRA petition and

concluded that, except for the jury waiver claim, there were no genuine issues of material fact requiring an evidentiary hearing.[6]

After holding an evidentiary hearing on the remaining ineffectiveness claim concerning the jury waiver claim, the PCRA court denied the petition in an opinion and order dated July 24, 2018. Aina filed a notice of appeal from the PCRA court's denial that was received in the PCRA court on August 29, 2018.[7] This Court quashed Aina's appeal after he filed a non-conforming brief. Aina, however, applied for and was granted reconsideration and ordered to file a new merits brief.

## II.

## A.

Aina first argues that trial counsel was ineffective for not raising the Commonwealth's failure to establish an essential element of his conviction to 18 Pa.C.S. § 6106(a)(1): the length of the rifle or its barrel. After opposing Aina's pursuit of collateral relief for over two-and-a-half years, the

---

[6] It does not appear that the PCRA court provided Aina with 20-day notice of its intent to dismiss his claims without hearing as required by Pa.R.Crim.P. 907(1).

[7] Though filed outside the 30-day appeal period, we find that it was timely under the "prisoner mailbox rule," which provides "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011). The notice of appeal is time-stamped as being received by the Superior Court Prothonotary on August 21, 2018, and was then forwarded to the PCRA court. Aina, thus, timely sent the notice of appeal.

Commonwealth now concedes that it failed to present sufficient evidence to convict him of firearms not to be carried without a license. Besides this concession in its merits brief, the Commonwealth has filed an application for relief requesting a remand so that the PCRA court can vacate the firearms conviction and Aina can be released since he is currently incarcerated solely on that offense. The Commonwealth admits that it has determined through investigation that the rifle did not meet the definition of a "firearm" under Section 6102. Consequently, not only was there insufficient evidence to convict Aina of firearms not to be carried without a license, but the Commonwealth believes that he is innocent of the offense as well.

After reviewing the record and in light of the Commonwealth's admission that Aina is innocent of firearms not to be carried without a license, we agree that trial counsel was ineffective for failing to have the firearms not to be carried without a license offense dismissed for insufficient evidence. Accordingly, we will grant the Commonwealth's application to remand so the firearms conviction can be vacated and, if currently incarcerated solely on the firearms conviction, Aina is to be immediately released.

**B.**

Before we can address the merits of his other claims implicating his other convictions, we must address *sua sponte* whether Aina properly waived his right to representation. As this Court has explained, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly

waive that right—this Court **is required** to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Johnson***, 158 A.3d 117, 121 (Pa. Super. 2017) (emphasis in original) (quotation omitted).

A PCRA petitioner has a rule-based "right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*); **see also** Pa.R.Crim.P. 904(C). To protect this right, we have held that "in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn," the PCRA court must hold a ***Grazier*** hearing to determine whether "the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent." ***Robinson***, **supra** at 456 and 459. This demands that the PCRA court hold an on-the-record colloquy with the petitioner and, "at a minimum … elicit the following information from" the petitioner:

> (a) that the [petitioner] understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the [petitioner] is indigent;
>
> [ (b) ] that the [petitioner] understands that if he or she waives the right to counsel, the [petitioner] will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> [ (c) ] that the [petitioner] understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

[ (d) ] that the [petitioner] understands that, in addition to defenses, the [petitioner] has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the [petitioner], these errors may be lost permanently.

*Id.* at 459-460; Pa.R.Crim.P. 121(A)(2).

Additionally, a PCRA petitioner's statement of intention to proceed without counsel does not constitute a knowing waiver of his right to legal representation. Even when such an intention is evinced, the PCRA court must conduct a **Grazier** hearing and elicit information in accordance with Pa.R.Crim.P. 121 before the petitioner will be permitted to proceed *pro se*. **See Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011). We have explained the necessity of an on-the-record colloquy in the context of a waiver of counsel for purposes of PCRA proceedings:

Regardless of how unambiguous a defendant's expression may be, without a colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training. Thus, a defendant cannot knowingly, voluntarily, and intelligently waive counsel until informed of the full ramifications associated with self-representation.

**Robinson**, **supra** at 460 (quotations and citation omitted).

Based on our review of the record, the PCRA court never conducted an on-the-record colloquy as required by **Grazier** and Pa.R.Crim.P. 121 to ensure that Aina, as a first-time indigent PCRA petitioner, made a knowing, voluntary and intelligent waiver of his right to counsel. Significantly, at the hearing on Aina's motion to dismiss counsel, the PCRA court did not elicit from him the

- 9 -

information required by Pa.R.Crim.P. 121 to allow waiver. Instead, as summarized above, the PCRA court merely explained that if stand-by counsel were appointed, that attorney would be available to assist but would not file pleadings. *See* N.T., 10/23/17, at 6-7. At no point during the hearing did the PCRA court ensure that Aina understood that he was entitled to counsel and the potential pitfalls that would result if he waived his right to counsel. The PCRA court was required to do this regardless of Aina's stated intent to represent himself with stand-by counsel. *See Stossel*, *supra* (remand required for *Grazier* hearing when PCRA court fails to conduct on-the-record colloquy to ensure petitioner understands consequences of decision to waive counsel).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court admitted that it never conducted a typical on-the-record colloquy, but nonetheless believed that the entire record showed that Aina made a voluntary, knowing and intelligent waiver. *See* PCRA Court Opinion, 11/30/18, at 1-2. In support of this proposition, the PCRA court cited *Commonwealth v. Meehan*, 628 A.2d 1151 (Pa. Super. 1993). In *Meehan*, this Court held that a PCRA petitioner waived his right to counsel even though the PCRA court did not hold a detailed on-the-record colloquy covering all of the information contained in the predecessor to Pa.R.Crim.P. 121. In so holding, however, this Court stated that a PCRA court must still ensure that a petitioner understands: "(1) his right to be represented by counsel; (2) that if he waives this right, he will still

be bound by all normal procedural rules; and (3) that many right and potential claims may be permanently lost if not timely asserted." *Meehan*, *supra* at 1157. Because the PCRA court did not inquire into any of this information with Aina, *Meehan* does not support the PCRA court's position that he voluntarily, knowingly and intelligently waived his right to counsel.

Accordingly, we vacate the PCRA court's July 24, 2018 final order dismissing his PCRA petition, as well as its May 15, 2018 order dismissing Aina's claims without hearing. We remand for the PCRA court to conduct a *Grazier* hearing to determine if Aina still wishes to proceed *pro se*. If he does not, then the PCRA court must appoint new counsel and permit the filing of an amended PCRA petition. Alternatively, if Aina wishes to proceed *pro se* after the *Grazier* hearing, the PCRA court may then reinstate its orders dismissing Aina's claims without hearing provided it gives proper Rule 907 notice, which it did not do for its May 15, 2018 order dismissing all of Aina's claims (except the jury trial waiver claim and 18 Pa.C.S. § 6106(a)(1) firearms charge) without hearing.

The Commonwealth's application to remand so the 18 Pa.C.S. § 6106(a)(1) firearms conviction can be vacated is granted. The remainder of the sentencing order is vacated for a *Grazier* hearing. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/31/2020</u>