J-S09043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN ANTONIO CRUZ | : | |
| | : | |
| Appellant | : | No. 1865 EDA 2020 |

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000702-2015

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: April 22, 2021

John Antonio Cruz ("Cruz") appeals, *pro se*, from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On May 25, 2016, a jury found Cruz guilty of receiving stolen property, terroristic threats, and simple assault, arising out of an incident in which Cruz threatened another individual by holding a handgun to his head.[1]  The trial court found Cruz guilty of person not to possess firearms.[2]  The trial court subsequently sentenced Cruz to an aggregate term of 13½ to 27 years in prison.  On July 18, 2017, this Court affirmed Cruz's judgment of sentence,

---

[1] 18 Pa.C.S.A. §§ 3925(a), 2706(a)(1), 2701(a)(3).

[2] 18 Pa.C.S.A. § 6105(a)(1).

after which Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Cruz*, 166 A.3d 1249 (Pa. Super. 2017), *appeal denied*, 180 A.3d 1207 (Pa. 2018).

On March 26, 2020, Cruz, *pro se*, filed a "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*." Therein, Cruz argued that his trial counsel failed to file post-sentence motions on his behalf. By an Order entered on April 14, 2020, the PCRA court stated that it would consider Cruz's Motion to Modify as a PCRA Petition,[3] and appointed Cruz PCRA counsel. Counsel appeared, via video conference, with Cruz during a hearing on August 7, 2020. On the same date, Counsel filed a Petition to withdraw from representation and a *Turner*/*Finley*[4] no-merit letter. The PCRA court granted counsel's Petition to withdraw, and Cruz indicated that he wished to proceed *pro se*. The PCRA court scheduled an additional hearing for August 21, 2020, in order to allow Cruz time to prepare his claims. Following the August 21, 2020 hearing, the PCRA court dismissed Cruz's Petition.

---

[3] "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011); *see also* 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief").

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In the *Turner*/*Finley* no-merit letter, counsel identified the claims Cruz sought to raise under 42 Pa.C.S.A. § 9545(b)(i)-(ii), and stated that Cruz's trial counsel did not file a post-sentence motion for reconsideration of sentence on his behalf. *See* Petition to Withdraw, 8/7/20, Exhibit A (No-Merit Letter).

Cruz filed a *pro se* Notice of Appeal, which was entered on the PCRA court's docket on September 28, 2020. The PCRA court directed Cruz to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Cruz timely complied.

Cruz now raises the following issues for our review:

1. Did the PCRA court err in dismissing [Cruz's] PCRA [P]etition without allowing [Cruz an] opportunity to amend [the P]etition after it was notified of newly[-]discovered evidence?

2. Did the PCRA court err by not postponing the hearing to provide [Cruz] a reasonable opportunity to for [*sic*] investigation and preparation regarding newly[-]discovered evidence?

3. Did the PCRA court err by failing to determine all material issues raised by [Cruz's PCRA P]etition?

4. Did the PCRA court err by failing to notify [Cruz] of his appellate rights upon dismissing [his P]etition?

Brief for Appellant at 7.

Before turning to the issues presented by Cruz, we must address the timeliness of his appeal. A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Because Cruz's *pro se* Notice of Appeal was docketed on September 28, 2020, beyond the 30-day appeal period, this Court issued a Rule to Show Cause why this appeal should not be quashed as untimely filed. In his *pro se* Response, Cruz argued that he mailed his Notice of Appeal from SCI – Benner Township on September 19, 2020. Response, 12/4/20, at 1-2. Cruz, relying on the prisoner mailbox rule, pointed out that the envelope containing his Notice of

Appeal was time-stamped on September 21, 2020. ***Id.***; ***see also Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011) (stating that, "in the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing."); Pa.R.A.P. 121(c) (providing that "a *pro se* filing submitted by a person incarcerated in a correctional facility is filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing *as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence*." (emphasis added)). Cruz failed to provide evidence of the date on which he deposited his Notice of Appeal with prison authorities.[5] However, this does not end our inquiry.

Cruz also argued in his *pro se* Response that the PCRA court did not properly advise him of his appellate rights at the close of the PCRA hearing. Response, 12/4/20, at 2. Regarding a court's duty to advise a PCRA petitioner of his appellate rights following PCRA hearings, Pa.R.Crim.P. 908(E) provides as follows:

> If the judge disposes of the case in open court in the presence of the defendant at the conclusion of the hearing, the judge shall advise the defendant on the record of the right to appeal from the

---

[5] After receiving Cruz's *pro se* Response, this Court issued a second Rule to Show Cause on December 7, 2020, directing Cruz to provide evidence of the date on which he mailed his Notice of Appeal. No response appears in the record. On January 22, 2021, this Court discharged the Rules to Show Cause, and referred the issue to the merits panel.

final order disposing of the petition and of the time within which the appeal must be taken. If the case is taken under advisement, or when the defendant is not present in open court, the judge, by certified mail, return receipt requested, shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.

Pa.R.Crim.P. 908(E). Here, our review confirms that the PCRA court's Order dismissing Cruz's PCRA Petition did not advise Cruz of his appellate rights or the relevant time period for filing his appeal.[6] *See* PCRA Court Order, 8/21/20. Accordingly, we decline to quash Cruz's appeal. ***See Commonwealth v. Meehan***, 628 A.2d 1151, 1155 (Pa. Super. 1993) (excusing the untimely filing of a notice of appeal, stating that "we cannot say with certainty that the PCRA court's failure to follow the directives of Rule [908] had no effect on appellant's ability to perfect his appeal….").

Next, we determine whether Cruz's claims are preserved for our review. In his appellate brief, Cruz asserts that he contacted his previous employer, Ruben Rodriguez, who wrote a letter of support on his behalf, detailing the events of the "police encounter" that occurred following the underlying

---

[6] The transcripts of the PCRA hearing are not contained in the certified record; thus, there is no evidence that PCRA court properly advised Cruz of his appellate rights on the record.

incident. **See** Brief for Appellant at 11-13.[7] Cruz did not include this argument in his *pro se* PCRA Petition. Because Cruz did not raise this argument before the PCRA court, it cannot be raised for the first time on appeal. **See Commonwealth v. Bedell**, 954 A.2d 1209, 1216 (Pa. Super. 2008) (concluding that appellant waived his claim by failing to raise it in his PCRA petition); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Accordingly, Cruz's claims are waived.[8]

Order affirmed.

_____

[7] Cruz did not include a separate argument for each of the questions raised in his Statement of Questions Involved. **See** Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued[.]").

[8] Of the four claims Cruz identifies in his Statement of Questions Involved, only one claim was preserved in his Pa.R.A.P. 1925(b) Concise Statement. **See** Pa.R.A.P. 1925(b)(4)(viii) (providing that "[i]ssues not included in the Statement … are waived."); **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001) (concluding that appellant waived his claim by failing to raise it in his Rule 1925(b) concise statement). However, Cruz failed to adequately develop and support his argument with citations to the record or any pertinent legal authority. **See** Pa.R.A.P. 2119(a) (requiring the argument to include "such discussion and citation of authorities as are deemed pertinent."); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Cruz's claims are therefore waived for these reasons as well.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/22/21*