J-S45009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOEL BROWN | : | |
| | : | |
| Appellant | : | No. 1985 EDA 2022 |

Appeal from the PCRA Order Entered June 15, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000258-2016

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 3, 2023**

Appellant, Noel Brown, appeals *pro se* from the order entered on June 15, 2022, dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly set forth the facts and procedural history of this case as follows.  Following a jury trial in 2016, Appellant was convicted of interference with custody of children, dissemination of photos of child sex acts, corruption of minors, furnishing liquor to minors, and trafficking in minors.[1]  On February 3, 2017, the trial court sentenced Appellant to an aggregate term of 180 to 394 months of incarceration.  We affirmed Appellant's judgment of sentence

_____

[1] 18 Pa.C.S.A. §§ 2904(a), 6312(c), 6301(a)(1)(ii), 3011(b), and 6310.1(a), respectively.  This Court provided a more detailed recitation of the facts pertaining to Appellant's underlying convictions in an unpublished memorandum filed on October 23, 2017.  ***See Commonwealth v. Brown***, 2017 WL 4772761, at *1 (Pa. Super. 2017).

on October 23, 2017. *See Commonwealth v. Brown*, 2017 WL 4772761 (Pa. Super. 2017) (unpublished memorandum), *reargument denied* (November 22, 2017). Thereafter, "Appellant untimely filed petitions for allowance of appeal to our Supreme Court, which were denied." *Commonwealth v. Brown*, 2020 WL 1461011, at *1 (Pa. Super. 2020). On October 25, 2018, Appellant filed his first PCRA petition. On July 1, 2019, the PCRA court denied relief. Appellant appealed and, on March 24, 2020, this Court dismissed the appeal because Appellant's appellate brief was deficient. *See id*.

On January 10, 2022, Appellant filed a *pro se* petition for writ of *habeas corpus* with the Commonwealth Court of Pennsylvania, which was transferred to the Wayne County Court of Common Pleas. On April 20, 2022, the Wayne County Court of Common Pleas entered an order concluding that Appellant's claims fell under the provisions of the PCRA. Accordingly, the court dismissed Appellant's filing as an untimely PCRA petition. Appellant did not file a notice of appeal. Instead, on May 17, 2022, Appellant filed a *pro se* motion for reconsideration with the PCRA court, which the PCRA court denied by order entered on May 20, 2022. Technically, the motion for reconsideration qualified as a third petition under the PCRA, raising the same claims as Appellant's second petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A]ll motions filed after a judgment of sentence is final are to

- 2 -

be construed as PCRA petitions."). After the PCRA court denied relief, Appellant filed a *pro se* notice of appeal on May 31, 2022.[2]

Most recently, and currently at issue, Appellant filed a *pro se* PCRA petition with the PCRA court on June 9, 2022, while the appeal of his third PCRA petition remained pending with this Court. The PCRA court dismissed Appellant's fourth PCRA petition as untimely by order entered on June 15, 2022. This appeal resulted.[3]

Initially, in addressing the timeliness of this appeal, we note that the PCRA court did not comply with the service requirements of Pa.R.Crim.P. 907(4), which provide that when the PCRA court dismisses a PCRA petition without a hearing, it must advise the petitioner of the right to appeal and the time for initiating the appeal "by **certified mail**, **return receipt requested**."

---

[2]  We addressed that appeal separately. ***See Commonwealth v. Brown***, 1656 EDA 2022.

[3]  We note that Appellant filed a *pro se* notice of appeal on July 20, 2022, outside of the 30-day appeal period as delineated by Pa.R.A.P. 903(a). By *per curiam* order filed on October 12, 2022, this Court directed Appellant to show cause why the appeal should not be quashed as: (1) untimely; and/or (2) pursuant to our Supreme Court's decision in ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000) (holding that a petitioner is precluded from filing a subsequent PCRA petition until review of the pending PCRA petition is resolved "by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."). Appellant filed a *pro se* response on October 25, 2022. On November 29, 2022, this Court entered a *per curiam* order stating that "[i]n accordance with this Court's Order of October 12, 2022, and in consideration of Appellant's response, the issues raised by this Court's Order will be referred to the panel assigned to decide the merits of this appeal and the issues will be considered by that panel." Order of Court, 11/29/2022. As such, this panel must first decide whether the appeal is properly before this Court.

- 3 -

Pa.R.Crim.P. 907(4) (emphasis added). Here, the docket reveals that the PCRA court's dismissal order was served *via* first-class mail. Therefore, there is no confirmation in the record of the date upon which Appellant was served. In such instances, we have found a breakdown in the judicial process and declined to quash a potentially untimely appeal. ***See Commonwealth v. Khalil***, 806 A.2d 415, 421 (Pa. Super. 2002) (concluding that "[w]e are unable to ignore the failure of the trial court to inform [a]ppellant of his appeal rights, and we are constrained to find that it was the breakdown of the processes of the trial court that caused [a]ppellant's untimely appeal"); ***see also Commonwealth v. Meehan***, 628 A.2d 1151, 1155 (Pa. Super. 1993) (stating "we cannot say with certainty that the PCRA court's failure to follow the directives of Rule [907] had no effect on appellant's ability to perfect his appeal since he was incarcerated"). As such, we will not quash this appeal because Appellant filed his *pro se* notice of appeal outside the 30-day time limit.

This Court, however, has previously explained:

Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000); ***see also Commonwealth v. Montgomery***, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (reaffirming that ***Lark*** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law

- 4 -

requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." ***Commonwealth v. Zeigler***, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. ***Id.*** If the petitioner pursues the pending appeal, then the PCRA court is required under ***Lark*** to dismiss any subsequent PCRA petitions filed while that appeal is pending. ***Lark***, ***supra***.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. ***Id.***; ***see also Commonwealth v. Porter***, 35 A.3d 4, 12 (Pa. 2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa. Super. 2019).

Here, there is no dispute that Appellant's third PCRA petition was on appeal with this Court at the time he filed his fourth PCRA petition. As our decision in ***Beatty*** makes clear, however, the PCRA court was required under ***Lark*** to dismiss Appellant's fourth PCRA petition because the appeal on his third petition remained pending. While the PCRA court dismissed Appellant's current PCRA petition because Appellant did not file it within one-year after his conviction became final, and he did not assert an exception to the PCRA's jurisdictional time-bar under 42 Pa.C.S.A. § 9545, we can affirm the PCRA court's decision on any basis supported by the record. ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa. Super. 2022) (citations omitted) ("[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions" and this Court "may affirm a PCRA court's order on any legal basis."). As such,

the PCRA court properly dismissed Appellant's *pro se* PCRA petition filed on June 9, 2022.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2023