J-S35030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 1498 MDA 2024 |

Appeal from the PCRA Order Entered August 7, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000805-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 756 MDA 2025 |

Appeal from the PCRA Order Entered August 7, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001147-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 757 MDA 2025 |

Appeal from the PCRA Order Entered August 7, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002950-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| CHRISTIAN SCOTT THOMAS | : |  |
|  | : |  |
| Appellant | : | No. 758 MDA 2025 |

Appeal from the PCRA Order Entered August 7, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003050-2001

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| CHRISTIAN SCOTT THOMAS | : |  |
|  | : |  |
| Appellant | : | No. 759 MDA 2025 |

Appeal from the PCRA Order Entered August 7, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003140-2001

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: NOVEMBER 4, 2025**

Christian Scott Thomas, *pro se*, appeals from the orders denying his serial, untimely-filed petitions for Post Conviction Relief Act ("PCRA")[1] relief.[2] After careful review, we affirm.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] This Court consolidated Appellant's appeals on June 27, 2025.  For ease of disposition, we will refer to the identical petitions and orders filed at each docket number in the singular form.

- 2 -

In a prior appeal, this Court explained that

throughout the time from May 13, 2000, to January 19, 2001, [Appellant] committed numerous counts of burglary, robbery, and rape. [Appellant] was 14 and 15 years old during the time of his offenses. On June 6, 2003, [in the criminal court, Appellant] entered a guilty plea [to numerous charges at separate docket numbers, which were consolidated in the trial court.] … [H]e was later sentenced to [an aggregate of] 66-150 years' incarceration. This Court affirmed the initial sentence on August 6, 2004. [*Commonwealth v. Thomas*, 833 A.2d 1151, 1543 MDA 2002 (Pa. Super. filed Aug. 11, 2003) (unpublished memorandum)].

After the decision by this Court to affirm the original sentence imposed by the trial court, [Appellant] filed a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. The District Court ordered that the trial court resentence [Appellant]. The District Court held that the aggregate sentence of 66-150 [years] violated [Appellant's] rights against cruel and unusual punishment based upon the United States Supreme Court decision in *Graham v. Florida*, 560 U.S. 48, 75, … (2010). On October 2, 2013, the trial court resentenced [Appellant] to a new aggregate sentence of 40-80 years' incarceration. *Commonwealth v. Thomas*, 105 A.3d 32 (Pa. Super. 2014) (unpublished memorandum at []1), *appeal denied*, … 101 A.3d 786 (Pa. 2014). [On June 12, 2014, this Court] affirmed [Appellant's] second judgment of sentence, finding that it afforded him a reasonable opportunity to be released during his lifetime. [*See id.* The Pennsylvania Supreme Court subsequently denied allowance of appeal on October 8, 2014. *See id.* Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.]

On December 3, 2014, [Appellant] filed a *pro se* petition for collateral relief. The court appointed new counsel, and on March 6, 2015, counsel filed an amended PCRA petition, which asserted that [Appellant] was denied effective assistance of counsel during his October 2013 resentencing [hearing. He alleged counsel failed to present readily available evidence of Appellant's maturation, rehabilitation, and improvement since his conviction in 2002-03, at age 15, and in failing to object to the presentence investigation report. Following a hearing, the PCRA court denied the petition.] This Court affirmed the PCRA court's order on August 16, 2016.

On March 25, 2019, [Appellant] filed [another] *pro se* PCRA petition that was later amended…. [O]n April 22, 2019, the PCRA court dismissed the petition as untimely because [it was filed] more than one year after his appeal on his resentencing[, which was] resolved in this Court. Moreover, the PCRA court found that [Appellant] did not even allude to any exception to the [PCRA's one-year] timeliness requirement.

*Commonwealth v. Thomas*, 296 A.3d 587, 1166-1170 MDA 2022 (Pa. Super. filed Mar. 8, 2023) (unpublished memorandum at 2-4) (citation omitted).

Appellant filed his next PCRA petition on November 4, 2021, asserting newly discovered facts. *Id.* (unpublished memorandum at 5). Relevant to the instant appeal, Appellant argued the United States Supreme Court's decision in *Jones v. Mississippi*, 593 U.S. 98 (2021), constituted a newly discovered fact.[3] *Thomas*, 1166-1170 MDA 2022 (unpublished memorandum at 9). Specifically, Appellant claimed the sentencing court erred by failing to make a finding of permanent incorrigibility before imposing sentence. *Id.* (unpublished memorandum at 7).

Appellant additionally asserted a newly discovered fact based on the Commonwealth's failure to disclose evidence of misconduct by Lancaster

---

[3] In *Jones*, the United States Supreme Court reiterated that mandatory life sentences without parole of juvenile offenders violates the Eighth Amendment to the United States Constitution. *Jones*, 593 U.S. at 101. However, the Supreme Court clarified that "a finding of fact regarding a child's incorrigibility … is not required." *Id.* at 105 (citation omitted). Rather, the Court reiterated that the sentencing court must "follow a certain process—considering an offender's youth and attendant characteristics—before imposing a life without parole sentence." *Id.* at 108 (quotation marks and citation omitted).

Police Detective John Burkhart (Detective Burkhart). *Id.* (unpublished memorandum at 12). According to Appellant, he discovered that Detective Burkhart had violated a number of witnesses' rights during interviews and interrogations in unrelated cases. *Id.* The PCRA court denied relief.

On appeal, this Court affirmed the PCRA court's order. Specifically, we rejected Appellant's newly discovered facts claim based upon the *Jones* decision. We reasoned that *Jones* applies to sentences of life in prison without parole (LWOP), and Appellant was not sentenced to LWOP. *Id.* (unpublished memorandum at 10-11).

Regarding Appellant's newly discovered facts claim based upon Officer Burkhart's misconduct, this Court explained that Appellant had failed to proffer any supporting evidence, beyond a mere "bald" allegation. *Id.* (unpublished memorandum at 13). Further, we concluded that Appellant's petition was untimely, as he filed it more than one year after the date the claim could have been presented (based upon the date of the articles alleging Detective Burkhart's misconduct). *Id.* (unpublished memorandum at 15-16).

Appellant filed the PCRA petition underlying this appeal on February 6, 2024. As described by the PCRA court,

> [t]he 258-page document largely reiterates the claims raised in Appellant's prior PCRA petitions, including that his facially untimely request for relief should be granted under the "newly discovered fact" exception. (PCRA Petition, Feb. 6, 2024, at 4). Appellant attached various exhibits to his Petition, including: a typed statement, allegedly drafted by Vanessa Rodriguez [(Ms. Rodriguez)] on December 14, 2023; a newspaper article dated January 4, 2023; a transcript for a June 4, 2012, oral argument

before the Honorable Timothy Rice, United States Magistrate Judge in the Eastern District of Pennsylvania; and documents related to a request that Appellant made under Pennsylvania's Right to Know Law (RTKL), 65 P.S. §§ 67-101 *et seq.* (PCRA Petition, Feb. 6, 2024, Exhibits A, D, E, and C, respectively)….

PCRA Court Opinion, 1/29/25, at 7 (punctuation modified). The PCRA court subsequently issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely filed. Pa.R.Crim.P. 907 Notice, 4/1/24.

After being granted several extensions, Appellant filed a purported amended PCRA petition on July 9, 2024. Appellant claimed the following newly discovered facts:

[The] Affidavit of Statement form [from Ms.] Rodriguez, and the long lost information about the wrongdoing of [Detective] Burkhart, which I feel is a miscarriage of justice[. T]his man [used] overly coercive interrogations and investigation [tactics]. This man clearly broke the law to threaten witnesses to make [a] statement against [Appellant]. [Appellant] never knew about the 2002 accusations and charges of [Detective] Burkhart, in which, if you see the exhibits of [Appellant's] petition, when he filed for information to the Right to Know Act, they lied to [Appellant] and stated it was "NO" misconduct and/or information that they could [reveal] on [Detective] Burkhart, which [Appellant] later found that to be a lie, because, in 2002, [Detective] Burkhart was investigating [Appellant's] case of a rape, in [] which he was threatening and [a]ssaulted two men, and threatening one with his gun, although in 2003, the Pennsylvania Attorney General charged [Detective] Burkhart, and that was because a deal was made with the victims in [that] they dropped the charges on [Detective] Burkhart[.] The charges on the victims that had end[ed] up being charged would be dropped as well, and this was a win for [Detective] Burkhart but also … so that he would keep his job as an officer of the law.

PCRA Court Opinion, 1/29/25, at 8 (spelling, punctuation, and capitalization modified; citation omitted). According to the PCRA court, Appellant asserted

- 6 -

the facts upon which his claim was predicated were unknown and could not be ascertained previously with the exercise of due diligence. ***Id.***

On August 7, 2024, the PCRA court dismissed Appellant's PCRA petition as untimely filed.[4] Appellant timely filed separate notices of appeal at each docket number.[5] The PCRA court issued an order requiring Appellant to file a

---

[4] The PCRA court was not required to file a new Pa.R.Crim.P. 907 notice. Rule 907(1), which provides for the disposition of a PCRA petition without a hearing, and permits the optional filing of a response, states that a PCRA court may dismiss a petition, grant leave to file an amended petition, or direct that proceedings continue. The Rule does not treat a response to a notice of dismissal as either an amended petition or a serial petition. In ***Commonwealth v. Rykard***, 55 A.3d 1177 (Pa. Super. 2012), this Court recognized that a new claim, raised in a filing after issuance of a Rule 907 notice, is not a second or serial petition. Rather, it "is more properly viewed as an objection to dismissal." ***Id.*** at 1187.

[5] Appellant filed his notice of appeal on October 3, 2024. As the PCRA court explained,

> [a]lthough Appellant's Notice of Appeal was filed outside of the 30-day period required by Pa.R.A.P. 903, Appellant notified the Lancaster County Clerk of Courts on September 17, 2024, that he received notice on August 16, 2024, that a piece of legal mail from the Lancaster County Court of Common Pleas was returned for failure to utilize a prisoner control number. In his Notice of Appeal, Appellant states that he did not receive [the PCRA court's] August [7th] order denying his request for post-conviction relief until September 26, 2024. … Accordingly, the period for taking an appeal was not triggered[,] and the appeal should be consider[ed] timely. ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000); ***see also Commonwealth v. Meehan***, 628 A.2d 1151 (Pa. Super. 1993).

PCRA Court Opinion, 1/29/25, at 9 n.2. Upon careful review, we agree, and consider Appellant's appeal to be timely filed.

Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within 30 days. After being granted an extension of time, Appellant filed a 21-page concise statement with 81 pages of exhibits. Thereafter, the PCRA court issued its opinion.

Appellant presents the following issues for our review:

1) [Did] the [PCRA] court abuse[] its discretion when it failed to consider [Ms. Rodriguez's] Statement of Affidavit about Detective [] Burkhart's violations[?]

2) [Did] the [PCRA] court abuse[] its discretion when it failed to consider fully all the factors []in the case of [Appellant,] by not accepting that it would be a [violation of **Brady v. Maryland**, 373 U.S. 83 (1963),] if the District Attorney's Office refuses to give documents [related to Detective] Burkhart's misconduct and wrongdoing and withholding evidence based on [Appellant's] case that could have made a difference in [Appellant] going to trial and pleading guilty[?]

3) [Did] the [PCRA] court ignore[] that [Appellant] did file his newly discovered facts [claim] timely and pursuant to the exception [] as required, as [his] claims are timely and cognizable based upon the discovery of the new facts[?]

4) [Did] the [sentencing] court [find] beyond a reasonable doubt that [Appellant] was permanently incorrigible[?]

Appellant's Brief at 5 (issues renumbered; spelling and grammar modified).[6, 7]

In reviewing an order denying PCRA relief, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and internal quotation marks omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Before addressing Appellant's issues, we recognize that a PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1).

> **Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.** The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the

---

[6] Appellant includes five additional issues in his statement of questions involved. However, these issues do not identify additional claims of error. Rather, they include arguments supporting his previously identified claims. As such, we omit them from the issues listed above. **See** Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case[,] but without unnecessary detail.").

[7] The Commonwealth did not file a responsive brief.

- 9 -

Supreme Court of the United States and the Supreme Court of
Pennsylvania, or at the expiration of time for seeking the review."
42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (some

citations omitted; emphasis added).

However,

[there are] three statutory exceptions to the timeliness provisions
in the PCRA [that] allow for the very limited circumstances under
which the late filing of a petition will be excused. 42 Pa.C.S.A.
§ 9545(b)(1). To invoke an exception, a petitioner must allege
and prove:

(i) the failure to raise the claim previously was the result
of interference by government officials with the
presentation of the claim in violation of the Constitution or
laws of this Commonwealth or the Constitution or laws of
the United States;

(ii) the facts upon which the claim is predicated were
unknown to the petitioner and could not have been
ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was
recognized by the Supreme Court of the United States or
the Supreme Court of Pennsylvania after the time period
provided in this section and has been held by that court to
apply retroactively.

***Id.*** at 1079-80 (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one

year of the date the claim could have been presented. 42 Pa.C.S.A.

§ 9545(b)(2). "We emphasize that it is the petitioner who bears the burden

to allege and prove that one of the timeliness exceptions applies."

***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

> As this Court previously explained,
>
> Appellant was resentenced on October 2, 2013, and this Court affirmed his judgment of sentence on June 12, 2014. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 8, 2014[. ]Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.
>
> **Accordingly, Appellant's judgment of sentence became final 90 days later, on January 6, 2015**, when the time to file a petition for a writ of *certiorari* expired. ***See*** U.S. SUPREME COURT RULE 13 (effective January 1, 1990)….

***Thomas***, 1166-1170 MDA 2022 (unpublished memorandum at 9) (emphasis added). Appellant's instant petition, filed on February 6, 2024, is therefore facially untimely.

However, this does not end our inquiry, as Appellant asserts the timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii), based upon (1) his discovery of evidence of Detective Burkart's prior misconduct; and (2) the sentencing court's failure to make a finding of permanent incorrigibility, as required by ***Jones***. We address each assertion in turn.

Appellant's first three issues assert a timeliness exception for newly discovered facts, based on the affidavit of Ms. Rodriguez regarding Detective Burkhart's misconduct in unrelated cases. Appellant's Brief at 9. Appellant claims the Commonwealth withheld this evidence from him. ***Id.*** According to Appellant, if he had earlier possessed information "about [Detective] Burkhart

- 11 -

threating witness[es] just as he did [Ms.] Rodriguez, [Appellant] could [have] taken a different route in his case." ***Id.*** In essence, Appellant claims that he would not have tendered a guilty plea had he known of these facts. ***Id.***

As he did in his November 5, 2021, PCRA petition, Appellant acknowledges that he discovered Detective Burkhart's misconduct from the Lancaster County newspaper. ***Id.*** at 10. Appellant claims he did not file his petition earlier, because the district attorney and trial court ignored him, and lied about having such information. ***Id.*** at 11. He asserts he could not have discovered the violations earlier, because he "did not have access to the 'INTERNET' nor any other technology that might have helped …, and because he is limited to so many things to get him this information…." ***Id.***

Appellant contends he was unable to procure an affidavit from Ms. Rodriguez earlier, because he and Ms. Rodriguez were "not getting along." ***Id.*** at 13. Appellant repeatedly asserts a ***Brady*** violation based on his inability to obtain this evidence. ***Id.*** However, Appellant concedes that the article in the newspaper "triggered" him to file a PCRA petition. ***Id.***

Our review of the record confirms that Appellant's prior PCRA petition, filed on November 4, 2021, asserted

> newly discovered evidence of [] Detective [] Burkhart's police misconduct that concerns a pattern and practice of falsifying evidence and overly coercive interrogations and investigation tactics resulting in [Detective] Burkhart being charged ….

PCRA Petition, 5/17/22, at 2. Appellant averred that Detective Burkhart "intimidated and coerced information out of" several witnesses, including Ms. Rodriguez. *Id.*

In the instant petition, Appellant raises the same issue, but asserts Ms. Rodriguez's affidavit as a newly discovered fact regarding Detective Burkhart's misconduct. Appellant's reliance on Ms. Rodriguez's affidavit fails to satisfy the newly discovered fact exception:

> The plain language of Section 9545(b)(1)(ii), … makes clear that a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa. C.S.[A.] § 9545(b)(1)(ii) []; *see Commonwealth v. Bennett*, … 930 A.2d 1264, 1270-72 (Pa. 2007) (holding that Section 9545(b)(1)(ii) is not equivalent of after-discovered-evidence claim). Thus, while recently discovered evidence may reveal new facts, or even itself establish a new fact in some situations, **whether a petitioner meets the requirements of the newly discovered facts exception ultimately turns on the petitioner's knowledge of previously unknown facts, <u>not new evidence of a known fact, related to his claim</u>.**

*Commonwealth v. Rivera*, 324 A.3d 452, 468 (Pa. 2024) (footnotes omitted; emphasis added). Appellant's claim of new evidence of Detective Burkhart's misconduct does not establish an exception to the PCRA's timeliness requirement. *See id.*

We further observe that Appellant acknowledged becoming aware of the "fact" of Detective Burkart's misconduct through newspaper articles. Appellant's Brief at 13. During his prior appeal, this Court considered and

rejected Appellant's claim of a newly discovered fact based upon the newspaper articles:

> [T]he newspaper articles contain no dates and do not identify the newspapers in which the articles allegedly appeared. However, the PCRA court noted it was taking judicial notice of the fact the articles were published on or around June 12, 2020. *See* PCRA Court Opinion, filed 10/20/22, at 8 n.5. Still, Appellant did not raise his claims based on the newspaper articles until May 12, 2022, when he filed his amended PCRA petition. Appellant has offered no explanation as to why he did not present his claim within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

*Thomas*, 1166-1170 MDA 2022 (unpublished memorandum at 15-16) (footnotes omitted). For the same reason, Appellant's present claim fails. Appellant failed to file a timely PCRA petition based upon the fact of Detective Burkhart's misconduct.

Even if Appellant had established a newly discovered fact related to Detective Burkhart's misconduct, Appellant would still not be entitled to PCRA relief. To be cognizable under the PCRA, a claim cannot have been previously litigated. *See* 42 Pa.C.S.A. §§ 9543(a)(3) (providing that to be eligible for PCRA relief, the petitioner must plead and prove "[t]hat the allegation of error has not been previously litigated or waived."), 9544(a)(2) ("an issue has been previously litigated if … the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"). Appellant's prior petition asserted Detective Burkhart's misconduct as a newly discovered fact. Because this Court previously considered and rejected this issue, Appellant's present claim for relief would not be cognizable

under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(3). Thus, Appellant is not entitled to relief on his first three issues.

In his fourth issue, Appellant appears to challenge the discretionary aspects of his sentence. **See** Appellant's Brief at 12 (including in his appellate brief a Pa.R.A.P. 2119(f) statement of reasons relied upon for appealing the discretionary aspects of sentencing). However, a challenge to the discretionary aspects of sentencing is not cognizable under the PCRA. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007) (explaining that requests for relief with respect to discretionary aspects of sentence are not cognizable in PCRA proceedings). Accordingly, to the extent Appellant challenges the discretionary aspects of his sentence, he is not entitled to relief.

Within his argument challenging the discretionary aspects of his sentence, however, Appellant argues that his sentence constitutes a *de facto* life sentence without a finding of incorrigibility, in violation of a ruling by the United States Supreme Court. **Id.** at 12. Appellant appears to refer to the United States Supreme Court's decision in **Jones**.

In a prior appeal, this Court considered and rejected Appellant's assertion of **Jones** as a newly discovered fact. **See Thomas**, 1166-1170 MDA 2022 (unpublished memorandum at 10-11) (reasoning that **Jones** applies to LWOP sentences, and Appellant was not sentenced to LWOP). Because Appellant previously litigated this issue in his November 4, 2021, PCRA

petition, his present claim is not cognizable under the PCRA. ***See*** 42 Pa.C.S.A. §§ 9543(a)(3), 9544(a)(2). Thus, we discern no error or abuse of the PCRA court's discretion in rejecting Appellant's sentencing issues. Consequently, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/04/2025